John M. HENNESSY, As Circuit Court Clerk
of Jefferson County, Kentucky,
Appellant,

v.

George T. STEWART, as Commissioner of
Finance, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 28, 1955.

Hensley & Logan, Joseph P. Pike, Louisville, for appellant.

Charles Dobbins, County Atty., Louisville, for appellees.

CULLEN, Commissioner.

Through the submision of an "agreed case" under Section 637 of the Civil Code of Practice (now KRS 418.020), the circuit court clerk of Jefferson County, on the one side, and the Commissioner of Finance of Kentucky and the county attorney of Jefferson County on the other side, presented to the circuit court a question as to the right of the circuit court clerk to procure six various kinds of insurance policies and charge the premiums as an expense of his office. The premiums would amount to more than $1,800 per year. The court upheld the right to procure one of the policies, but not the other five. The clerk has appealed.

Under Section 106 of the Kentucky Constitution, and Section 64.350 of the Kentucky Revised Statutes, the circuit court clerk of Jefferson County is required to pay all of his fees into the State Treasury, and the salaries of the clerk and his deputies, and "necessary office expenses," are paid by the State, up to an amount not exceeding 75 percent of the fees paid in. The question presented is whether the cost of the proposed insurance policies may be classed as "necessary office expenses."

The proposed kinds of insurance are:

1. A "Comprehensive Liability Policy" covering liability for personal injuries or property damage resulting from negligence in the operation of an automobile or otherwise.

2. A "Public Employes' Faithful Performance Blanket Bond" covering the fidelity of the deputies and assistants of the clerk.

3. A "Money and Securities Insurance Policy" covering loss of money or securities by destruction, disappearance or wrongful abstraction.

4. A "Mercantile Open Stock Burglary Policy" covering wrongful abstraction of furniture, fixtures or equipment.

5. An "Accounts Receivable and Valuable Papers Policy" covering loss of valuable papers or of records of accounts receivable.

6. A "Depositors' Forgery Bond" covering losses sustained by forgery of evidences of financial obligation.

The one policy that the circuit court held could be obtained is the "Money and Securities Insurance Policy."

On this appeal, the circuit court clerk is making a real issue only as to the "Mercantile Open Stock Burglary Policy" and the "Accounts Receivable and Valuable Papers Policy." He contends they fall into the same category as the policy the circuit court upheld. While he also suggests that the right to procure the remaining three policies should be sustained, he frankly concedes that he is unable to find any precedent or authority for the purchase of these policies.

The circuit court, in upholding the right to procure the "Money and Securities Insurance Policy," relied upon Commonwealth v. Polk, 256 Ky. 100, 75 S.W.2d 761. There the county court clerk of McCracken County was held personally liable to the state for public money taken from the clerk's office in a burglary. In discussing the duties of the clerk as a bailee of public funds, the court said that in order to escape personal liability the clerk, at least in the absence of other precautions, "should carry insurance on the contents of the depository in his office." However, the question of who should pay the premium on the policy was not decided or even discussed, so we do not consider the Polk case as controlling on the question of liability for the premium.

■ As we view it, if insurance is desired for the protection of the *clerk,* to indemnify him against a personal liability, *he* should pay for it. On the other hand, if the purpose of the insurance is to protect the Commonwealth, by providing coverage for losses for which the clerk might not be personally liable, then the premiums should be paid by the Commonwealth. However, the decision as to whether the Commonwealth should have the latter kind of protection should be made by an appropriate representative of the Commonwealth, and not by the circuit clerk.

■ Here, the Commissioner of Finance of Kentucky, who is the officer charged with responsibility for approving obligations against the Commonwealth, has taken the position that the insurance is not needed or desired. In the absence of any statute expressly providing for these kinds of insurance, we think he clearly has the right and power to reject such insurance.

Our view of the case is supported by the provisions of KRS 56.070, relating to insurance of state property against loss by fire or tornado. Subsection (3) of that section provides:

■

"(3) Any officer or agent of the state having control or custody of any property belonging to or controlled or used by the state or any agency of the state may, with the approval of the Commissioner of Finance and the Division of Insurance, from the funds allotted to such agency, purchase insurance of an additional kind or kinds which cannot properly be covered in the State Fire and Tornado Insurance Fund."

It will be observed that this statute requires approval of the Commissioner of Finance for the purchase of other kinds of insurance. The circuit court clerk has been held to be a state officer; Shamburger v. Commonwealth, Ky., 240 S.W.2d 636; Schmiedt v. Eicher, Ky., 241 S.W.2d 995; so it appears that he could come within the terms of the statute.

From what we have said, it is apparent that the right of the clerk to charge to the state the premium on the one policy approved by the circuit court is questionable. However, no cross appeal has been taken from the part of the judgment upholding that right.

The judgment is affirmed.